Turkey, J.,
delivered the opinion of the court.
Section 2326 of the Code provides: “Insolvent estates of deceased persons shall be divided among the creditors ratably, and no action brought, judgment, bill single or note shall have precedence over unliquidated accounts, presented and filed, authenticated according to *57 law; but all such claims shall be acted upon as being of equal grade.”
It has been several times determined by this court that our registration system is one of positive law, founded on general grounds of public policy. That a clerk in taking probate of a deed of bargain and sale of property by the acknowledgment of the bargainor, must allege his personal acquaintance with such bar-gainor, or such certificate will be defective and the deed will create no lien as against a judgment creditor: 1 Hum., 135; 7 Hum., 85; 5 Sneed, 692.
Code, s. 2332, provides: “The suggestion of insolvency and advertisement thereof shall operate as an injunction .in all cases against the bringing of any suit before any judicature whatever against the administrator or executor of such insolvent estate.”
From these regulations and decisions it necessarily follows as a principle that the creditor who claims under an unregistered mortgage, or a mortgage registered upon a defective probate, has no priority over other creditors, the insolvency of the estate having been suggested and a bill in chancery filed to settle it as an insolvent estate before any step ■ taken by the mortgage creditor to foreclose or enforce the mortgage.
The statute expressly breaks down all distinction in the dignity of debts, and treats all as of equal grade. The suggestion of insolvency accomplishes this provision of the statute, and in effect makes each creditor whose debt or claim is properly authenticated a quasi judgment creditor.
*58 The suggestion is intended to bring before the court all persons claiming to be creditors, and operates in terms as an injunction upon creditors against the bringing of suits. For stronger reasons, the filing of a bill in the Chancery Court to settle an insolvent estate after the suggestion of insolvency must effect these results.
Treating all bona fide creditors, then, (as we must under these rules) as creditors of the highest and of equal dignity, it results that the mortgage for the benefit of Proctor, registered upon defective probate, gives him no preference over other creditors.
The judgments pro confesso against the other creditors can make no difference, many of the debts, if not all, mentioned in the bill are described, and the judgments pro aonfesso gave them the authentication required and obviated the necessity of answers or proof by the creditors. In addition, Proctor seeks by cross-bill 'to set up his mortgage and must submit to the case made by the law for him, i. e., equality with other creditors.
As we have before intimated, the suggestion of the insolvency, as well as the filing of the bill, effected for all creditors such a lien upon the estate of the deceased as precludes Proctor from the perfection and enforcement of the mortgage.
The case presented in • the record is such as that the appeal of the administrator brings up the entire cause of all the parties, complainants and defendants.
It appears that all the notes but one from Samuel P. Henderson to C. A. Proctor are for borrowed *59 Confederate money; the consideration of one is in doubt.
The decree of the Chancellor is reversed and the cause remanded to the Chancery Court at Athens for an account as to the value of Confederate money in United States Treasury notes at the time it was loaned by Proctor, and to ascertain whether the consideration of the note for eleven hundred dollars, dated 15th of April, 1862, was Confederate money.
The amount of indebtedness to' Proctor, when ascertained, will be placed upon equal footing with that of other creditors.
The cause is remanded generally for a settlement of the estate of Samuel P. Henderson.